IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD THOMAS,

      Plaintiff,

  v.

R.T.C. GROUNDS, et al.,

      Defendants.

Case No.: C 13-4367 CW (PR)

ORDER DISMISSING CERTAIN CLAIMS
WITH LEAVE TO AMEND AND DENYING
MOTION TO APPOINT COUNSEL

Doc. no. 2

INTRODUCTION

Plaintiff Edward Thomas, a state prisoner incarcerated at the California State Prison at Corcoran, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by prison officials at Salinas Valley State Prison (SVSP), where he was formerly incarcerated. His motion for leave to proceed in forma pauperis is granted in a separate order.

DISCUSSION

I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

United States District Court
For the Northern District of California

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  Lemire v. California Dept. Corrections & Rehabilitation, 726 F.3d 1062, 1074 (9th Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633.  Under no circumstances is there respondeat superior liability under § 1983.  Lemire, 726 F.3d at 1074.  Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Redman v. County of San

United States District Court
For the Northern District of California

Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.  This includes allegations that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  Redman, 942 F.2d at 1446; Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

II.  Plaintiff's Claims

A. Due Process Claims for Denial of Administrative Appeals

Plaintiff alleges that eighteen individuals, who are employees at SVSP, where Plaintiff was formerly incarcerated, violated his constitutional rights.  Much of Plaintiff's forty-one page complaint consists of allegations pertaining to his administrative grievances and their denials and many of the individuals Plaintiff names as defendants are alleged to have been involved in the denial of these grievances.

The allegations that Defendants were involved in reviewing and denying Plaintiff's inmate appeals cannot serve as the sole basis for liability under § 1983.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (denying claim of loss of a liberty interest in processing of inmate appeal because inmates lack a separate constitutional entitlement to a specific prison grievance procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (a state's unpublished policy statements establishing a grievance procedure did not create a constitutionally protected liberty

interest).  However, if the individuals who deny a prisoner's appeals had the authority and opportunity to prevent an ongoing constitutional violation, he may be able to establish liability by alleging that they knew about an existing or impending violation and failed to prevent it.  Taylor, 880 F.2d at 1045 (supervisory official liable under § 1983 if he knew of a violation and failed to act to prevent it); see also Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998) (supervisor who signed internal affairs report dismissing complaint against officer despite evidence of officer's use of excessive force may be liable for damages).

Plaintiff does not allege that the individuals who denied his appeals knew of an ongoing or impending violation and failed to prevent it.  Therefore, Plaintiff's claims based on the denial of his administrative grievances are dismissed.  He is granted leave to amend to allege, if he truthfully can, that Defendants knew of an ongoing violation and failed to prevent it.

B. Procedural Due Process Claims Regarding Hearings

Plaintiff alleges that at some of his administrative hearings he was denied his right to present evidence and witnesses.  The process due in prison disciplinary proceedings includes written notice of the charges, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous to institutional safety or correctional goals, and aid to the accused where the inmate is illiterate or the issues are complex.  Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974).  The fact that a prisoner may have been innocent of disciplinary charges brought against him does not give

United States District Court
For the Northern District of California

4

rise to a constitutional claim.  <u>Ricker v. Leapley</u>, 25 F.3d 1406,
1410 (8th Cir. 1994).  The Constitution demands due process in
disciplinary procedures, not error-free decision-making.  <u>Id.</u>

Plaintiff's allegations that he could not present evidence or
witnesses at some of his disciplinary hearings appear to be
cognizable.  However, Plaintiff does not indicate which Defendant
or Defendants were responsible for these violations.  As stated
above, in order to impose liability on an individual under § 1983,
a plaintiff must allege that the individual's conduct caused the
constitutional violation.  Plaintiff is granted leave to amend his
complaint to remedy this deficiency.

C. Dangerous Conditions Claim

Plaintiff alleges that he was forced to accept a cell-mate
from a rival gang which put him in imminent danger.  The Eighth
Amendment requires that prison officials take reasonable measures
to protect prisoners' safety, including measures to protect
prisoners from violence at the hands of other prisoners.  <u>Farmer
v. Brennan</u>, 511 U.S. 825, 832-33 (1994).

Therefore, Plaintiff's allegation states a cognizable claim.
However, Plaintiff does not indicate which Defendants caused this
violation; he is granted leave to amend to remedy this deficiency.

D. Excessive Force Claim

Plaintiff alleges that, while he was escorted to the mental
health building, he was struck in his right ear by Defendant G.
Gasgonia, who then proceeded to rip Plaintiff's glasses off his
face.  Plaintiff was then struck repeatedly by Defendants S.
Martinez, B. Hopark and two unidentified officers.

United States District Court
For the Northern District of California

   In order to state a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must allege facts that, if proven, would establish that prison officials applied force "maliciously and sadistically to cause harm," rather than in a good-faith effort to maintain or restore discipline.  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

   Liberally construed, Plaintiff's allegations state an excessive force claim against Defendants Gasgonia, Martinez and Hopark.

   E. Retaliation Claims

   Plaintiff alleges that, in retaliation for filing staff misconduct complaints, Defendant J. Lopez stole his personal property and Defendants B. Hedrick and T. Berlinger placed him in administrative segregation.

   Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977).  The plaintiff must show that the type of activity he was engaged in was protected by the First Amendment and that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts.  Id. at 287.  Prisoners may not be retaliated against for exercising their right of access to the courts.  Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995). The right of access to the courts extends to established prison grievance procedures.  Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001).  Thus, a prisoner may not be retaliated

against for using such procedures. <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567 (9th Cir. 2005).

Liberally construed, Plaintiff's allegations state a retaliation claim against Defendants Lopez, Hedrick and Berlinger.

F. Claims Based on Gang Status

Plaintiff asserts that each Defendant violated his rights to equal protection and to be free from cruel and unusual punishment because they have refused to remove all gang status references from his central files, to classify him as a non-affiliate and to cell him with a non-affiliate.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." <u>City of Cleburne v. Cleburne Living Center</u>, 473 U.S. 432, 439 (1985). A plaintiff alleging denial of equal protection under § 1983 must prove purposeful discrimination by demonstrating that he "receiv[ed] different treatment from that received by others similarly situated," and that the treatment complained of was under color of state law. <u>Van Pool v. City and County of San Francisco</u>, 752 F. Supp. 915, 927 (N.D. Cal. 1990) (citations omitted), <u>aff'd sub nom.</u> <u>O'Shea v. City and County of San Francisco</u>, 966 F.2d 503 (9th Cir. 1992). A prisoner raising an equal protection challenge to his treatment compared to the treatment of other inmates must allege that his treatment is invidiously dissimilar to that received by other inmates. <u>See</u> <u>More v. Farrier</u>, 984 F.2d 269, 271-72 (8th Cir.) (absent evidence of invidious discrimination, federal courts should defer to

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  judgment of prison officials); <u>Timm v. Gunter</u>, 917 F.2d 1093,

2  1102-03 (8th Cir. 1990) (same).

3      Plaintiff's conclusory allegations against "each Defendant,"

4  without alleging what each Defendant did to violate Plaintiff's

5  equal protection or Eighth Amendment rights are insufficient to

6  state a claim.  Plaintiff is granted leave to amend to remedy this

7  deficiency, if he truthfully can do so.

8      G. Request for Emergency Injunction

9      Plaintiff seeks an emergency injunction for a transfer from

10 SVSP to either Corcoran State Prison or Lancaster State Prison and

11 other relief because he is in imminent danger from officers at

12 SVSP.  However, Plaintiff indicates that his current address is

13 Corcoran State Prison.  Therefore, it appears that Defendants have

14 complied with Plaintiff's request for a transfer and, thus,

15 imminent danger from SVSP employees no longer exists.

16 Accordingly, the Court denies as moot the request for an emergency

17 injunction for a transfer and other relief based on imminent

18 danger.

19 III. Motion for Appointment of Counsel

20     Plaintiff moves for the appointment of counsel based on the

21 complexity of the issues and the fact that Plaintiff is

22 "illiterate."  The decision to request counsel to represent an

23 indigent litigant under § 1915 is within "the sound discretion of

24 the trial court and is granted only in exceptional circumstances."

25 <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984).  A

26 finding of the "exceptional circumstances" of the plaintiff

27 seeking assistance requires an evaluation of the likelihood of the

28 plaintiff's success on the merits and an evaluation of the

plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>Agyeman v. Corrections Corp. of America</u>, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex.  <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997).

Plaintiff is capable of presenting his claims effectively, and the issues, at least at this stage, are not complex.  If the circumstances of this case materially change, this decision will be reconsidered by the Court on its own motion.  Therefore, the motion to appoint counsel is DENIED.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   The motion to appoint counsel is DENIED.  Doc. no. 2.

2.   Plaintiff states a cognizable claim for excessive force against Defendants Gasgonia, Martinez and Hopark.

3.   Plaintiff states a cognizable retaliation claim against Defendants Lopez, Hedrick and Berlinger.

The cognizable claims will be served after Plaintiff submits an amended complaint, or the time for him to do so has passed.

4.   Plaintiff's request for emergency relief based on imminent danger is denied as moot.

5.   The following claims are not cognizable: (1) due process based on the denial of administrative grievances; (2) due process based on unconstitutional procedures used at administrative hearings; (3) dangerous conditions based on being celled with rival gang member; and (4) equal protection and dangerous

conditions based on failure to delete gang status references from his central file.

6.  If Plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within twenty-eight days from the date this order is filed.  The amended complaint must include the caption and civil case number used in this order (C 13-4367 CW (PR)) and the words AMENDED COMPLAINT on the first page.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).  Although a complaint "does not need detailed factual allegations," . . . they must be sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Therefore, forty-one densely written pages are not necessary for Plaintiff to provide sufficient allegations to state cognizable claims against Defendants.  However, the amended complaint must indicate which specific, named Defendant(s) was involved in the deprivation of Plaintiff's constitutional rights, what each Defendant did, what effect this had on Plaintiff and what right was violated.  The best way to accomplish this would be to divide the amended complaint into sections, one section for each claim.  Under each claim Plaintiff should indicate which Defendant or Defendants he is suing for that violation and the conduct of each Defendant that violated that particular

constitutional right.  Plaintiff need not include the details of each administrative grievance he filed and its result, unless it is relevant to a specific claim.

Plaintiff may not incorporate material from the prior complaint by reference.

Failure to file an amended complaint within twenty-eight days and in accordance with this Order will result in a finding that further leave to amend would be futile, and the four non-cognizable claims will be dismissed.  In that case, the two cognizable claims will be served and will go forward.

7.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  12/6/2013

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE