United States District Court
For the Northern District of California

1
2
3
4          IN THE UNITED STATES DISTRICT COURT
5          FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7
8
9  EDWARD THOMAS,                    | Case No.: C 13-4367 CW (PR)
10         Plaintiff,                | ORDER OF SERVICE OF AMENDED
11      v.                           | COMPLAINT
12  RANDY GROUNDS, Warden, et al.,
13         Defendants.
14
15                    INTRODUCTION
16      Plaintiff Edward Thomas, a state prisoner incarcerated at
17  California State Prison-Corcoran, filed a pro se civil rights
18  action pursuant to 42 U.S.C. § 1983, alleging the violation of his
19  constitutional rights by prison officials at Salinas Valley State
20  Prison (SVSP) where he was formerly incarcerated.  On December 6,
21  2013, the Court found that Plaintiff's complaint alleged two
22  cognizable claims and dismissed the remaining noncognizable claims
23  with leave to amend.  On December 27, 2012, Plaintiff filed his
24  First Amended Complaint (1AC), which the Court now reviews.
                      DISCUSSION
25  I.   Standard of Review
26      A federal court must conduct a preliminary screening in any
27  case in which a prisoner seeks redress from a governmental entity
28  or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  <u>Id.</u> § 1915A(b)(1), (2).  <u>Pro se</u> pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  <u>Lemire v. California Dept. Corrections & Rehabilitation</u>, 726 F.3d 1062, 1074 (9th Cir. 2013); <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. <u>Leer</u>, 844 F.2d at 633.  Under no circumstances is there respondeat superior liability under § 1983.  <u>Lemire</u>, 726 F.3d at 1074.  Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or

United States District Court

For the Northern District of California

omissions of another.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.  This includes allegations that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  Redman, 942 F.2d at 1446; Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

II.  Plaintiff's Allegations

In the Court's Order of Dismissal, it found that Plaintiff had stated two cognizable claims: (1) excessive force against Defendants Gasgonia, Martinez and Hopark, and (2) retaliation against Defendants Lopez, Hedrick and Berlinger.  In regard to the noncognizable claims, the Court noted the following: (1) Plaintiff's claims for reviewing and denying administrative appeals were not cognizable, unless Plaintiff could allege that the individuals who denied them had the authority and opportunity to prevent a constitutional violation; (2) Plaintiff's due process claims for the denial of his right to present evidence and

witnesses at his administrative hearings were not cognizable because he did not indicate which Defendant or Defendants were responsible; (3) Plaintiff's dangerous conditions claim based on being forced to accept a cell-mate from a rival gang was not cognizable because he did not indicate which Defendants caused this violation; (4) Plaintiff's allegation that unidentified Defendants refused to remove gang status references from his central file, violating his rights to equal protection and to be free from cruel and unusual punishment, were not cognizable because he did not allege what any Defendant did to violate these rights.

In his 1AC, Plaintiff names the individuals responsible for each claim.  However, Plaintiff's due process claim based on reviewing, denying and delaying his administrative appeals is still not cognizable.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (denying claim of loss of a liberty interest in processing of inmate appeal because inmates lack a constitutional entitlement to a specific prison grievance procedure).  Therefore this claim is dismissed without leave to amend against Brinklele, R. Mojica (#1), Mojica (#2), E. Medina, C. Martella, W.L. Muniz, V.J. Solis, B. Hedrick, and T. Berlingeri.

Plaintiff's 1AC alleges cognizable claims for due process violations at his rules violations hearings against: Sgt. J. Stevens and Lt. M. Kircher for the March 22, 2012 hearing; R.L. Martinez for the September 24, 2012 hearing; Lt. J. Stevenson for the February 27, 2013 hearing; and Lt. J. Mensing for the April 22, 2013 hearing.

Plaintiff's 1AC states a dangerous conditions claim for allegedly forcing Plaintiff to accept a rival gang member as a cellmate against Defendants J. Aboytes, B. Hopark, Warden R. Grounds, Captain D. Asuncion, B. Hedrick and T. Berlingeri.  The Equal Protection claim against these Defendants is dismissed in light of the fact that Plaintiff's allegations do not state an Equal Protection violation.

Plaintiff's 1AC states a dangerous conditions claim for allegedly failing to remove all gang status references from Plaintiff's central files against Warden Grounds, W.L. Muniz, L. Trexler, B. Hedrick, N.E. Walker, D. Asuncion, V.J. Solis and T. Berlingeri.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's complaint fails to state a cognizable due process claim for reviewing, delaying or denying his administrative grievances and fails to state a cognizable Equal Protection claim.  These claims are dismissed without leave to amend further because Plaintiff has had an opportunity to remedy their deficiencies and has failed to do so.

2. Plaintiff's original complaint alleged a cognizable claim for excessive force against Defendants Gasgonia, Martinez and Hopark and a cognizable retaliation claim against Defendants Lopez, Hedrick and Berlingeri.

3. Plaintiff's 1AC alleges the following cognizable claims: (1) a due process claim for violations at his rules violations hearings; (2) a dangerous conditions claim for forcing Plaintiff to accept a rival gang member as a cellmate; and (3) a dangerous

conditions claim for failing to remove gang status references from Plaintiff's central file.

4. In order to encourage the just, speedy and inexpensive determination of 42 U.S.C. § 1983 cases filed in this district, the parties may waive their right to proceed before a district judge and consent to proceed before a magistrate judge for all purposes. Attached to this Order is a Notice of Option to Consent to Proceed Before United States Magistrate Judge and an Order requiring the parties to notify the Court whether they consent or decline to so proceeding. The parties shall complete the requisite consent or declination form and return it to the Court no later than thirty days from the date of this Order.

5. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1), the 1AC (docket no. 7) and all attachments thereto, a copy of this Order, the Order Dismissing Claims with Leave to Amend, (docket no. 6), and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to SQSP employees Gasgonia, Martinez, Hopark, Lopez, Hedrick, Berlingeri, Stevens, Kircher, Stevenson, Mensing, Aboytes, Grounds, Asuncion, Muniz, Trexler, Walker, and Solis. The Clerk shall also mail a copy of the complaint, the 1AC and a copy of this Order and the Order Dismissing Claims with Leave to Amend to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

6. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before sixty days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

7.  Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a.  No later than thirty days from the date the answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the

**United States District Court**
For the Northern District of California

Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decision in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion.

b.  Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c.  Defendants shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

8.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.

9.  All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

10.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than fourteen days prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: 4/11/2014

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE