United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>          Plaintiff,<br><br>     v.<br><br>R.T.C. GROUNDS, et al.,<br><br>          Defendants. | Case No.: C 13-4367 CW (PR)<br><br>ORDER DENYING MOTION FOR<br>PRELIMINARY INJUNCTION AND TO<br>INCORPORATE ADDITIONAL<br>DEFENDANTS<br><br>Doc. no. 19 |

INTRODUCTION

Plaintiff Edward Thomas, a state prisoner incarcerated at the California State Prison at Corcoran (CSP-COR), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by prison officials at Salinas Valley State Prison (SVSP), where he was formerly incarcerated.  On April 11, 2014, the Court issued an order serving cognizable claims.  On July 10, 2014, Plaintiff filed a motion to add employees at CSP-COR as defendants in this lawsuit and for preliminary and permanent injunctions against them. Defendants have filed an opposition.  For the reasons discussed below, Plaintiff's motion is denied.

DISCUSSION

I.   Adding Defendants to this Action

Plaintiff asserts that employees at CSP-COR are violating his constitutional rights by forcing him to accept "incompatible" inmates as cellmates and seeks to add these employees as defendants in this action.  Defendants argue that the joinder of these individuals is improper under Federal Rule of Civil Procedure 20(a)(2).

United States District Court
For the Northern District of California

Federal Rule of Civil Procedure 20(a)(2) provides that all persons may be joined in one action as defendants if:  "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Put simply, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds <u>and</u> have common issues of law or fact.  <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1350-51 (9th Cir. 1997).

Plaintiff's assertions against the CSA-COR individuals support the same Eighth Amendment unsafe conditions claim that Plaintiff asserts in his complaint.  Thus, there are common issues of law, satisfying the joinder requirement in Rule 20(a)(2)(B).  However, Plaintiff's motion alleges violations by the CSA-COR individuals that do not arise out of the same transaction, occurrence or series of transactions or occurrences as his claim against the SVSP Defendants.  Thus, the joinder requirement in Rule 20(a)(2)(A) is not met and joinder of the CSP-COR individuals to the present lawsuit would be improper.  Plaintiff's motion to add them as defendants is DENIED.[1]

II. Preliminary Injunction

Because Plaintiff's motion for a preliminary injunction is directed at individuals at CSP-COR, who are not parties to this

---

[1] Plaintiff may, but is not required to, bring a separate action against these individuals in the Eastern District of California, the venue in which CSP-COR is located.

action, the motion for a preliminary injunction is DENIED without prejudice so that Plaintiff may re-submit it if he files an action against them in the Eastern District.  See Fed. R. Civ. P. 65(d) (injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys).  For the same reason, Plaintiff's request for a permanent injunction is DENIED without prejudice.

CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Plaintiff's motion to add defendants and for preliminary and permanent injunctions is DENIED.

2. This order terminates docket number 19.

IT IS SO ORDERED.


Dated:  8/29/2014

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

3