UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD THOMAS,

       Plaintiff,

    v.

R.T.C. GROUNDS, et al.,

       Defendants.

Case No. 13-cv-04367-CW (PR)

ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS AND DISMISSING COMPLAINT

On September 20, 2013, Plaintiff Edward Thomas, a state prisoner currently incarcerated at Corcoran State Prison, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by correctional officers at Salinas Valley State Prison (SVSP), where he was formerly incarcerated. On December 3, 2013, the Court granted Plaintiff's motion to proceed in forma pauperis (IFP). In reviewing Plaintiff's complaint and amended complaint, the Court found that, liberally construed, the complaints alleged cognizable claims for excessive force, retaliation, dangerous prison conditions and due process violations against SVSP officers. All other claims were dismissed. Subsequently, Defendants filed a motion for summary judgment.

1    On October 29, 2014, the Court issued an order directing

2    Defendants to address whether Plaintiff's IFP status should be

3    revoked pursuant to 28 U.S.C. § 1915(g) based on its ruling in

4    another case filed by Plaintiff, Thomas v. Sepulveda, 2014 WL

5    5409064, *2-4 (N.D. Cal.), that he had three previous cases that

6    counted as strikes under 28 U.S.C. § 1915(g).  In their

7    responsive brief, Defendants argue that Plaintiff's IFP status

8    should be revoked because he is a three-strikes litigant under

9    § 1915(g) and his complaint does not allege that he is in

10   imminent danger.  Plaintiff has filed an "objection" to

11   Defendants' response and a "rebuttal opposition."

LEGAL STANDARD

13   A prisoner may not bring a civil action IFP under 28 U.S.C.

14   § 1915 "if the prisoner has, on 3 or more prior occasions, while

15   incarcerated or detained in any facility, brought an action or

16   appeal in a court of the United States that was dismissed on the

17   grounds that it is frivolous, malicious, or fails to state a

18   claim upon which relief may be granted, unless the prisoner is

19   under imminent danger of serious physical injury."  28 U.S.C.

20   § 1915(g).

21   For purposes of a dismissal that may count under § 1915(g),

22   the phrase "fails to state a claim on which relief may be

23   granted" parallels the language of Federal Rule of Civil

24   Procedure 12(b)(6) and carries the same interpretation; the word

25   "frivolous" refers to a case that is "'of little weight or

26   importance: having no basis in law or fact,'" and the word

27   "malicious" refers to a case "filed with the 'intention or desire

28   to harm another.'"  Andrews v. King, 398 F.3d 1113, 1121 (9th

United States District Court
Northern District of California

Cir. 2005) (citation omitted).  Only cases within one of these

three categories can be counted as strikes for § 1915(g)

purposes, so the mere fact that a plaintiff has filed many cases

does not alone warrant dismissal under § 1915(g).  Id.  Rather,

dismissal of an action under § 1915(g) should only occur when,

"after careful evaluation of the order dismissing an [earlier]

action, and other relevant information, the district court

determines that the action was dismissed because it was

frivolous, malicious or failed to state a claim."  Id.  A

dismissal under § 1915(g) means that a prisoner cannot proceed

with his action IFP under § 1915(g), but he still may pursue his

claims if he pays the full filing fee at the outset of the

action.  Tierney v. Kupers, 128 F.3d 1310, 1311 (9th Cir. 1997).

DISCUSSION

I. Plaintiff's Strikes

Based on the Court's finding in Thomas v. Sepulveda, 2014 WL

5409064 (N.D. Cal.), that Plaintiff is a three strikes litigant

under § 1915(g), Defendants argue that he is collaterally

estopped from arguing that he does not have three strikes.    In

Sepulveda, the Court found the following cases qualified as

strikes under § 1915(g): (1) Thomas v. Terhune, case no. 03-cv-

5467 (E.D. Cal.) (complaint dismissed for failure to state a

claim on which relief may be granted); (2) dismissal of the

appeal in Thomas v. Terhune, case no. 06-1501 (9th Cir. 2006)

(Ninth Circuit determined Plaintiff not entitled to IFP on

appeal, Plaintiff did not pay filing fee and appeal dismissed for

failure to prosecute); and (3) denial of the appeal in Thomas v.

Lamarque, case no. 07-16437 (9th Cir. 2007) (Ninth Circuit

determined appeal not taken in good faith, revoked Plaintiff's
IFP status and dismissed appeal for failure to prosecute after
Plaintiff failed to pay filing fee).

For collateral estoppel to bar relitigation of an issue, the
following elements must be satisfied: (1) the issue at stake must
be identical to the one alleged in the previous litigation; (2)
the issue must have been actually litigated by the party against
whom preclusion is asserted; and (3) the determination of the
issue in the previous case must have been a critical and
necessary part of the judgment.  Trevino v. Gates, 99 F.3d 911,
923 (9th Cir. 1996).

A comparison of this case with Thomas v. Sepulveda shows
that all of the collateral estoppel requirements are satisfied.
Plaintiff was the adverse party in Sepulveda, and the parties in
that case litigated the same issue that is currently before this
Court, that is, whether Plaintiff brought at least three actions
or appeals that were dismissed on the ground that they were
frivolous, malicious or failed to state a claim for relief.
Sepulveda, 2014 WL 5409064, at *1-2.  That determination was a
critical and necessary part of the judgment because it directly
resulted in the dismissal of Plaintiff's action.  Id. at *5.  The
judgment in Sepulveda is final; on January 14, 2015, Plaintiff's
appeal was dismissed because it was "so insubstantial as to not
warrant further review."  In re Edward Thomas, No. 09-80085 (9th
Cir. 2015).

Furthermore, in Sepulveda, the Court determined that
Plaintiff was collaterally estopped from challenging his three-
strike status based on the findings in two other previous

United States District Court
Northern District of California

district court cases, <u>Thomas v. Felker</u>, No. 09-cv-2486 FEC-CKD-P (E.D. Cal.), and <u>Thomas v. Beutler</u>, No. 10-cv-1300 MCE-CKD (E.D. Cal.). <u>Sepulveda</u>, 2014 WL 5409064, at *3-4. Consequently, Plaintiff is collaterally estopped from arguing the three cases addressed in <u>Sepulveda</u> are not strikes under § 1915(g).

Defendants also submit that Plaintiff has five other appeals that qualify as strikes based on the fact that a pre-filing order was entered by the Ninth Circuit regarding Plaintiff's appeals and, subsequent to its entry, Plaintiff filed five separate appeals that the Ninth Circuit rejected as "so insubstantial as to not warrant further review." <u>See</u> Defs. Request for Judicial Notice, Ex. B at 2-3 (<u>In re Edward Thomas</u>, 09-80085, Ninth Circuit docket showing the dismissals, pursuant to the pre-filing order, of Plaintiff's appeals on January 12, 2011, September 6, 2012, December 13, 2012, March 28, 2012, and May 29, 2013).[1] In dismissing these appeals, the Ninth Circuit cited <u>In re Keith Thomas</u>, 508 F.3d 1225, 1227 (9th Cir. 2007), in which it held that it may preclude an appeal from proceeding under a pre-filing order only "when it is clear from the face of the appellant's pleadings that: (i) the appeal is patently insubstantial or clearly controlled by well settled precedent; or (ii) the facts presented are fanciful or in conflict with facts of which the court may take judicial notice."

---

[1] Defendants request judicial notice, under Federal Rule of Evidence 201, of proceedings in this Court, another district court and the Ninth Circuit Court of Appeals. This request is granted. <u>See</u> <u>Bias v. Moynihan</u>, 508 F.3d 1212, 1225 (9th Cir. 2007) (court may take judicial notice of proceedings in other courts if they have a direct relation to the matters at issue); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records in other cases).

1    Plaintiff argues that the dismissals of his appeals do not

2 count as strikes because they were not heard or adjudicated,

3 which violates his right to appeal.  Plaintiff is mistaken.  As

4 indicated on the Ninth Circuit's docket, from reviewing the face

5 of each of Plaintiff's appeals it determined that each one was so

6 insubstantial it warranted no further review.  These dismissals

7 are equivalent to dismissals for frivolousness or for failure to

8 state a claim for relief and, thus, they count as strikes under

9 § 1915(g).  Therefore, Plaintiff has filed four cases and five

10 appeals that qualify as strikes under § 1915(g).  He may proceed

11 under IFP status only if he was in imminent danger at the time he

12 filed his complaint.

13 II. Imminent Danger

14    A plaintiff who has three strikes under § 1915(g) may still

15 proceed IFP by showing that he or she "is under imminent danger

16 of serious physical injury."  28 U.S.C. § 1915(g).  This

17 exception only "applies if the complaint makes a plausible

18 allegation that the prisoner faced imminent physical danger at

19 the time of filing" the complaint.  Andrews v. Cervantes, 493

20 F.3d 1047, 1055 (9th Cir. 2007).  The complaint is the focus of

21 the inquiry.  Id.; Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d

22 Cir. 2001) (en banc).  The plaintiff must show a nexus between

23 the imminent danger alleged in the complaint and the claims it

24 asserts.  Pettus v. Morgenthau, 554 F.3d 293, 299 (2nd Cir.

25 2009).  This means that the plaintiff must show that (1) the

26 imminent danger of serious physical injury is fairly traceable to

27 the unlawful conduct asserted in the complaint and (2) a

28 favorable judicial outcome would redress that injury.  Id.

United States District Court
Northern District of California

6

United States District Court
Northern District of California

1    Plaintiff's complaint was filed on September 20, 2013 and

2 his amended complaint was filed on December 27, 2013.  Doc. Nos.

3 1 and 7.  The allegations in the complaints assert claims against

4 SVSP correctional staff for actions that occurred in 2012 and the

5 beginning of 2013.  In other filings, Plaintiff indicates that he

6 was transferred to the California Substance Abuse Treatment

7 Facility on July 3, 2013 and to Corcoran State Prison in February

8 2014.  See RJN, Ex. C at 1 (Plaintiff's Motion for Preliminary

9 Injunction in Case No. 14-1157 CW (PR)).  Neither the complaint

10 nor the amended complaint alleges imminent danger of serious

11 physical injury at the California Substance Abuse Treatment

12 Facility, where he was housed when he filed the complaint, or at

13 Corcoran State Prison, where he was transferred in February 2014

14 and where he is now incarcerated.  Even liberally construed,

15 Plaintiff's allegations do not show that he was in imminent

16 danger of serious physical injury at the time he filed the

17 complaint on September 20, 2013, from Defendants' actions which

18 occurred in 2012 and early 2013 at a different prison.

19    In response, Plaintiff argues that he filed his complaint on

20 April 23, 2013 and the Court screened it on April 11, 2014.  If

21 this were true, he would have filed his complaint when he was

22 still housed at SVSP.  However, the Court's docket of his case

23 establishes that his complaint was filed on September 20, 2013

24 and the Court screened it on December 6, 2013.  See Doc. Nos. 1

25 and 6.[2]

26 _____

27 [2] In his opposition, Plaintiff also argues he is in imminent
danger based upon his lack of medical treatment.  This complaint

28 does not assert any medical claims; therefore, Plaintiff must be
confusing this case with another case he has filed.

In his sur-reply, Plaintiff argues that he was prevented from filing his complaint at the time he experienced imminent danger because he was required to exhaust administrative remedies before filing it and he filed it as soon as he could.  Under Ninth Circuit authority, this Court may only consider whether Plaintiff was in imminent danger at the time he filed his complaint, not at the time he filed his administrative grievances.  Plaintiff also argues that he is still in imminent danger because "the State of California Department of Corrections and Rehabilitation's institutional facilities continue to subject Plaintiff to being placed in a cell with gang members, affiliates and associates."  However, the California Department of Corrections and Rehabilitation (CDCR) is not a defendant in this action and Plaintiff cannot show that he was in imminent danger from the staff at the California Substance Abuse Treatment Facility or Corcoran State Prison merely because these institutions are under the auspices of the CDCR.  Furthermore, as explained in the Court's denial of Plaintiff's motion for a preliminary injunction, the Court lacks jurisdiction over individuals at Plaintiff's present prison who are not parties to this action and, thus, a favorable judicial ruling on his claims would not redress his alleged present imminent danger.  See Doc. No. 27 at 2-3.

Therefore, the imminent danger exception under § 1915(g) does not apply.

Accordingly, under § 1915(g), Plaintiff's IFP status is revoked and he is barred from proceeding IFP in this action. When IFP status is revoked pursuant to § 1915(g), the district

court may dismiss the action without prejudice to re-filing with payment of fees at the time the action is re-filed.  See <u>Tierney</u>, 128 F.3d at 1311 (under § 1915(g), case was properly dismissed without prejudice to re-filing with payment of filing fees).

CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The Order entered on December 3, 2013 (Doc. No. 5), granting Plaintiff leave to proceed IFP, is VACATED and Plaintiff's IFP status is REVOKED.

2. This case is dismissed without prejudice to Plaintiff's re-filing it with payment of the $400 filing fee.

3. The Clerk of the Court shall terminate all motions, enter a separate judgment and close the file.

IT IS SO ORDERED.

Dated: February 26, 2015

_____

CLAUDIA WILKEN
United States District Judge